Richard A. Kohh, J.
This case was noticed for trial at the March jury term. When it appeared at the pretrial conference that there were no factual issues for the jury, the parties entered into a stipulation of the operative facts and submitted to the court the issue of plaintiff’s right to rescind her contract under section 1635 of title 15 of the United States Code, part of the 1968 Federal Consumer Credit Protection Act.
Plaintiff, an elderly woman and the owner of a residence at 29 Clayton Place in Albany, entered into a contract with the defendant home improvement company, through its representative, the defendant Robert Healy, to have certain roofing work done on her home. The contract price was $1,892; $692 was paid initially, and the balance was to be paid upon completion. Plaintiff paid the $692 but then, having second thoughts about her contract, and within the third business day thereafter, she served on the defendants a written notice of her rescission and a demand for the .return of her $692. This was in the belief that section 1635 afforded her relief from her contract.
Defendants have refused to return the $692, relying on the standard liquidated damage clause: ‘ ‘ Owner agrees that in event of cancellation of this contract before work is started, Owner shall pay Contractor thirty per cent (30%) of the contract price as liquidated damages for the breach ”. Therefore, regardless of the outcome of this action, plaintiff is entitled to the return of $124.40 — the difference between the $692 paid by her and 30% of the contract price, $567.60.
Plaintiff argues that the said subdivision (a) of section 1635 and the recovery rights provided by subdivision (b) of section 1635 are applicable to this transaction. Defendants’ contention is that the “ more than four installments ” rule (Regulation Z) duly promulgated by the Board of Governors of the Federal Reserve System (Code of Fed. Reg., tit. 12, § 226.2, subd. [k]) brings this transaction without the act. Subdivision (a) of section 1635 provides, in pertinent part: “ in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is *110 expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section # * * whichever is later,- by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.”
The said subdivision (k) of section 226.2 of said Regulation Z provides: “ 1 Consumer credit ’ means credit offered or extended to a natural person * * * for which either a finance charge is or may be imposed or which pursuant to an agreement, is or may be payable in more than four installments. ’ ’
At the outset, and before proceeding to the merits, I cannot help but lament the fact that legislation, so clearly remedial and designed to aid the ordinary citizen in a host of commonplace transactions, is unfortunately contained in some of the most turgid and complex statutory provisions and administrative regulations that I have ever seen. In simpler times, it was possible to declare the law so that all would know their rights and obligations. To find the answer to Gertrude Young’s dispute with a home improvement company, one must probe the complexities of statutes, regulations and the decisions of respected Federal courts — materials beyond the reach or comprehension of the ordinary citizen.
My conclusion, reluctantly reached, is that section 1635 does not cover this transaction. That section deals with a * ‘ consumer credit transaction ”, and incorporates, by reference, the definition of “ creditor ” contained in subdivision (f) of section 1602. A 1 ‘ creditor ’ ’ is there defined to refer only to those ‘ ‘ who regularly extend * * * credit for which the payment of a finance charge is required ’ ’. The presence of a finance charge is, therefore, an essential element required for a transaction to fall within the scope of the act. This is the clear holding of Mourning v. Family Pub. Serv. (449 F. 2d 235 [5th Cir., 1971]) which,1 incidentally, holds that the Federal Reserve Board had overstepped its statutory authority under the act in enacting the four-installment rule, thereby regulating transactions not involving the imposition of a finance charge. My decision is that, since the instant transaction carried with it no finance charge, or cost of credit, it was without the scope of the act, leaving aside the matter of subdivision (k) of section 226.2 of said Regulation Z.
This submission was restricted to the applicability of the Federal statute. Plaintiff’s claim, however, does not necessarily depend on rights she may have under the Federal statute. She is *111 otherwise free to support her cause of action for the return of the down payment. An issue remaining in this case is defendants’ right to enforce the 30% liquidated damage provision. This issue is not before me. Defendants, on their part, may have proof of actual damages to offer.
Accordingly, I will direct that the Clerk add this cause to the calendar as a nonjury case to be tried at the next available term.