368 So.2d 421 (1979)
FLORIDA STATE CONSTRUCTORS SERVICES, INC., a Florida Corporation, Appellant,
v.
James E. RANDALL and Anna Randall, His Wife, Appellees.
No. 78-720.
District Court of Appeal of Florida, Third District.
March 6, 1979.
Jerry Kahn, Miami, for appellant.
Ronald A. Gottlieb, Miami, for appellees.
Before PEARSON, BARKDULL and HUBBART, JJ.
BARKDULL, Judge.
Florida State Constructors Services, Inc., appeals an adverse summary judgment which precluded it from pursuing the foreclosure of a second mortgage.
Constructors did some home improvement work for the Randalls on a cash basis, to be paid for within sixty days after completion. No interest or finance charges were levied against the Randalls under this contract. When the Randalls informed Constructors *422 that they could not pay for the work, Constructors took a note and second mortgage on the house. Constructors filed suit for foreclosure of the mortgage, and James Randall responded and counterclaimed seeking, in part, damages for Truth in Lending violations. Volume 15, United States Code Annotated, Section 1640. James Randall then sent a letter of rescission to Constructors, noting that the Truth in Lending Act, etc., gave him the right to do so for Constructors' failure to disclose certain things at the time the credit was extended. James Randall moved for and was granted a summary judgment, the trial court finding that Randall had effectively rescinded the transaction which was the subject of the foreclosure action. The trial court then ordered Constructors to terminate the security interest and refund the monies previously paid. This appeal ensued.
We reverse. The original transaction was on a cash basis and not within the terms of the Truth in Lending Act. Young v. Tri-City Remodeling Enterprises, Inc., 71 Misc.2d 108, 335 N.Y.S.2d 308 (1972). As an accommodation to the Randalls (after they had refused to pay in accordance with the terms of the written agreement that they had executed) Constructors, for the first time, extended credit and charged interest for deferred payments of a matured and existing debt. This was without the provisions of the Truth and Lending Act, as the underlying obligation was without the Act. It is the nature and character of the underlying obligation that determines whether the Truth and Lending Act is applicable. Meyers v. Clearview Dodge Sales, Inc., 384 F. Supp. 722 (E.D.La. 1974); Gerasta v. Hibernia National Bank, 411 F. Supp. 176 (E.D.La. 1975); Claire v. LaLanne-Paris Health Spa, 12 Cal.3d 915, 117 Cal. Rptr. 541, 528 P.2d 357 (1974); King v. Central Bank National Assoc., 127 Cal. Rptr. 487 (Ct. App. 1st Dist. 1976). The original contract not being within the Act, the subsequent note and mortgage (changing the transaction from a cash to a deferred basis) did not change the character of the original obligation.
Therefore, the final summary judgment here under review be and the same is hereby reversed, and the cause is returned to the trial court with directions to permit the plaintiff therein to proceed with its foreclosure. [The record reveals that the defendants' pleadings filed herein have, in fact, raised several defenses other than violation of the Truth in Lending Act which would constitute triable issues on remand.] Upon a final determination thereof [if in favor of the plaintiff], the trial court shall include in its final judgment an award of attorney's fees for the appellant's counsel's services in this court upon appropriate evidence of the value of such services.
Reversed and remanded, with directions.